UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

№ 11-cv-2869 (JFB)
_____

UNITED STATES OF AMERICA,

Plaintiff,

VERSUS

ANDREW P. JONES,

Defendant.
_____

**MEMORANDUM AND ORDER**
December 9, 2013
_____

JOSEPH F. BIANCO, District Judge:

Plaintiff United States of America ("plaintiff") brought this action against Andrew P. Jones ("defendant") seeking to recover amounts due from defendant's allegedly unpaid student loan. Plaintiff now moves under Rule 4(d) of the Federal Rules of Civil Procedure to collect the expenses and attorney's fees associated with effecting service of process on defendant and making this motion. For the reasons set forth below, the motion is granted, and the Court awards $115 in expenses to plaintiff incurred in making service, and $900 in attorney's fees expended in connection with making the motion under Rule 4(d)(2).

I. BACKGROUND

On June 15, 2011, plaintiff initiated this action by filing a Summons and Complaint. On June 20, 2011, plaintiff mailed a copy of the complaint, a Notice of Lawsuit, and two copies of a "Waiver of Service" form to defendant's home address. (Ex. B to Pl. Mot.) By letter dated June 28, 2011, defendant acknowledged receipt of the documents and expressed his refusal to waive service. (Ex. C to Pl. Mot.) Defendant is an attorney and his response included his business letterhead. (*Id.*)

On September 6, 2011, plaintiff filed an Affidavit of Service describing its personal service of the complaint on defendant. Alleged errors in that affidavit and the service itself became the subject of a motion to dismiss by defendant. The motion was resolved when the Court found good cause for any failure to serve and granted plaintiff an extension of time to effect service.

Plaintiff then attempted to serve defendant—at both his home and his law office—at least ten different times in January 2013. (Exs. D, E, F to Pl. Mot.) Service was frustrated by a closed gate and, on two occasions, defendant's refusal to come to the door. (*Id.*) Plaintiff finally

effected service by affixing the summons and complaint to the doors of defendant's home and business, and mailing the same to him. (Exs. E, F to Pl. Mot.) So-called "nail and mail" service is authorized by the New York Civil Practice Law and Rules when personal service cannot be made with due diligence. C.P.L.R. § 308(4).[1]

The present motion seeks to recover expenses for plaintiff's attempts to serve defendant, as well as the attorney's fees incurred in making this motion. Federal Rule of Civil Procedure 4(d) provides that a court "must" award this relief if there was no good cause for the refusal to waive service. Fed. R. Civ. P. 4(d)(2). Defendant has not identified any cause for his refusal, but instead questions plaintiff's diligence before resorting to "nail and mail." He also argues that Rule 4(d) is an unconstitutional deprivation of due process under the Fifth and Fourteenth Amendments.

## II. Discussion

Federal Rule of Civil Procedure 4(d)(1) imposes a duty on defendants "to avoid unnecessary expenses of serving the summons." Defendants often fulfill that duty by waiving formal service and accepting copies of the complaint and summons in the mail. Plaintiffs generally include waiver forms with the complaint and summons, which defendants then execute and return. Although it is true that "the law does not require those who receive a request for waiver . . . to sign the waiver," *Manuel v. City of Bangor*, 691 F. Supp. 2d 212, 230 (D. Me. 2010), Rule 4(d) requires courts to impose the cost of service on defendants who refuse to waive it without good cause. Fed. R. Civ. P. 4(d)(2).

Defendant does not argue that good cause exists for his refusal to waive service. Instead, he contests whether plaintiff was diligent in attempting to serve him at his business address, and argues that Rule 4(d) is unconstitutional. The former argument fails because plaintiffs have offered two affidavits by professional process servers describing their multiple attempts to serve defendant at his business address during business hours. (Exs. E, G to Pl. Mot.) "In New York, a process server's affidavit of service establishes a prima facie case of the account of the method of service." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002).

The history of attempted service contained in the affidavits is convincing, and there is no evidence to the contrary. *Id*. at 58 (citations omitted); *see also Allstate Ins. Co. v. Rozenberg*, 771 F. Supp. 2d. 254, 261-62 (E.D.N.Y. 2011) (finding, on the basis of an affidavit, due diligence after four attempts at personal service). Defendant has not made any sworn denial, and even if the Court liberally construed his affirmation in opposition to this motion as one, it lacks the requisite specificity to rebut the detailed evidence of plaintiff's diligence. In short, defendant has failed to provide any evidentiary basis to challenge plaintiff's manner of service, nor has he demonstrated good cause for his failure to waive.

Turning to defendant's constitutional argument, courts have generally not found good cause based on a belief in the injustice of the claim against him. *See, e.g.*, *Morales v. SI Diamond Tech., Inc.*, No. 98-CV-8309, 1999 WL 144469, at *2 (S.D.N.Y. Mar. 17,

---

[1] Defendant urges the Court not to recognize that service was proper because plaintiff did not request such relief in its Notice of Motion. However, the Notice of Motion's focus on service expenses and attorney's fees necessarily alerted defendant that service was at issue, and defendant received plaintiff's Memorandum, which argued that service was proper, on the same day as the Notice of Motion.

2

1999) (quoting the Advisory Committee Notes to the 1993 Amendments enacting Rule 4(d)); *see also Bozell Grp., Inc. v. Carpet Co-op of Am. Assoc., Inc.*, No. 00-CV-1248 (RWS), 2000 WL 1523282, at *4 n.1 (S.D.N.Y. Oct. 11, 2000) ("Although not argued here, it should be noted that neither of Carpet One's initial defenses – that the lawsuit lacked merit and that the court did not have jurisdiction – constitutes 'good cause' excusing the failure to return the waiver of service forms under Rule 4."). The claims of injustice in those cases referred to the underlying lawsuits, but the same principle applies where a defendant attacks the waiver rule itself.

Although his argument is couched in constitutional terms, defendant cites no support for what he seeks: a right to cost-free, formal service as a requirement of due process. On the contrary, "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotation omitted). Rule 4(d) facilitates the opportunity to be heard by lowering its cost—the express purpose is "to avoid unnecessary expenses"—while defendant's conduct detracts from it. *Accord Knight-McConnell v. Cummins*, No. 3-CV-5035, 2004 WL 1713824, at *4 (S.D.N.Y. July 29, 2004) (acknowledging that the rule is a "useful" measure for "furtive" defendants). In short, Rule 4(d) does not violate due process in any way and defendant's argument is without merit. This is not one of the "rare" circumstances where a valid good-cause defense justifies the refusal to waive service. *Estrella v. P.R. Painting Corp.*, No. CV 06-0717, 2006 WL 3359485, at *2 (E.D.N.Y. Nov. 20, 2006).

Having concluded that defendant did not show good cause, the Court is required to impose on defendant "the expenses later incurred in making service" and "the reasonable expenses, including attorney's fees," of the motion itself. Fed. R. Civ. P. 4(d)(2)(A-B). No other expenses or attorney's fees are recoverable, and there is no requirement that the award wait until the end of the litigation. *See Double S Truck Line, Inc. v. Frozen Food Exp.*, 171 F.R.D. 251, 253 (D. Minn. 1997).

Plaintiff has proven that it spent $180.00 to serve defendant three times: once each by "nail and mail" at his home and office, and once nearly three months later in person. The first two instances, which cost a combined $115.00, are reasonable because of defendant's evasion and plaintiff's need to show due diligence before resorting to "nail and mail." The final instance was superfluous and the Court will not require defendant to pay the requested $65.00 for it.

Plaintiff also seeks $3,893.75 in attorney's fees for making this motion. That figure is based on nearly ten hours[2] of attorney work at a rate of $375.00 per hour, except for one short period of clerical work at $250.00 per hour. However, the Court believes that the amount of fees sought is unreasonable under the circumstances.

First, with respect to the compensable hours, it is well settled that "the district court examines the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case." *Luciano*

---

[2] One line item notes the expense of serving and filing this motion. Although there has been some question concerning whether the rule authorizes attorney's fees related to serving the summons and complaint, *see, e.g., Stapo Indus., Inc., v. M/V Henry Hudson Bridge*, 190 F.R.D. 124, 126 (S.D.N.Y. 1999), the service and filing of the motion fits squarely within the rule because it is necessary to making the motion.

3

*v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997). Thus, "[i]f the district court concludes that any expenditure of time was unreasonable it should exclude these hours from the lodestar calculation." *Id.* Here, plaintiff's counsel spent approximately ten hours conducting research for, and drafting, the motion under Rule 4(d). Given the plain language of the Rule and the straightforward nature of the motion, the Court concludes that it should exclude any work beyond three hours because, based upon the record before it, awarding fees for any expenditure of time beyond that amount would be unreasonable in this case.[3]

With respect to the appropriate hourly rate, as this Court has noted, recent Eastern District cases have indicated that the range of appropriate billing rates in this District is $200-$375 for partners. *See Melnick v. Press*, No. 06-CV-6686 (JFB)(ARL), 2009 WL 2824586, at *9 (E.D.N.Y. Aug. 28, 2009). However, the district court should also "assess case-specific considerations at the outset, factoring them into its determination of a reasonable hourly rate for the attorneys' work." *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 420 (2d Cir. 2010); *see also Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany & Albany Cnty. Bd.*, 522 F.3d 182, 190 (2d Cir. 2008) ("We think the better course – and the one most consistent with attorney's fees jurisprudence – is for the district court, in exercising its considerable discretion, to bear in mind *all* of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate.") (emphasis in original). Here, because the issues raised by the motion were certainly not difficult, and plaintiff's counsel has not submitted any information regarding skill level or experience, the Court believes that $300 per hour is the appropriate rate when it considers all of the case specific factors.

Accordingly, the Court concludes that attorney's fees in the amount of $900—consisting of 3 hours at a rate of $300 per hour—is reasonable under the circumstances of this case. Other courts have made similar determinations in connection with motions under Rule 4(d). *See, e.g.*, *Kennedy v. Generator & Utility Service Corp.*, Civil Action No. 12-2499, 2013 WL 3456974, at *3 (E.D. La. July 9, 2013) (awarding a total of $1,287 in expenses and fees); *Hooda v. W.C.A. Servs. Corp.*, No. 11-CV-00504 (Sr.), 2011 WL 6019932, at *6 (W.D.N.Y. Nov. 4, 2011) (awarding a total of $1,432.42 in expenses and fees).

### III. CONCLUSION

Plaintiff's motion for service expenses and attorney's fees is granted in the amount of $1,015—consisting of $115 in expenses and $900 in attorney's fees—and defendant shall pay this sum to plaintiff within 60 days of this Memorandum and Order.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: December 9, 2013
       Central Islip, NY

\* \* \*

Plaintiff is represented by Dolores M. Iannarone, Mullen & Iannarone, P.C., 300 East Main Street, Suite 3, Smithtown, NY 11787. Defendant is *pro se*.

---

[3] Similarly, to the extent that fees are sought for reviewing the summons and complaint and answer, such fees are not recoverable under Rule 4(d).