UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

№ 11-cv-2869 (JFB)

UNITED STATES OF AMERICA,

Plaintiff,

VERSUS

ANDREW P. JONES,

Defendant.

**MEMORANDUM AND ORDER**
January 23, 2015

JOSEPH F. BIANCO, District Judge:

Plaintiff United States of America ("plaintiff" or "United States") brought this action against Andrew P. Jones ("defendant" or "Jones") seeking to recover amounts due as a result of defendant's alleged unpaid student loan.

Plaintiff now moves for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants plaintiff's motion for summary judgment.

I. BACKGROUND

The Court has taken the facts set forth below from the parties' affirmations and exhibits.[1] Upon consideration of a motion material facts. Plaintiff has filed an "Affirmation" which does not dispute the facts outlined in plaintiff's Rule 56.1 statement, but instead purports to contest the manner in which plaintiff effected service upon defendant. "A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001); *see also Gilani v. GNOC Corp.*, No. 04 Civ. 2935 (ILG), 2006 U.S. Dist. LEXIS 23397, at *4-5 (E.D.N.Y. Apr. 25, 2006) (exercising court's discretion to overlook the parties' failure to submit statements pursuant to Local Civil Rule 56.1). Here, the evidentiary basis for the plaintiff's motion is straightforward and clear, rendering the need for a Rule 56.1 statement unnecessary for defendant to respond to the motion, or for the Court to consider the motion. Accordingly, in the exercise of its broad discretion, the Court will overlook this defect and will deem admitted only those facts in plaintiff's affirmation in support of summary judgment that are supported by admissible evidence and not controverted by other admissible evidence in the record. *See Jessamy v. City of New Rochelle*, 292 F. Supp. 2d 498, 504 (S.D.N.Y. 2003). Thus, although the defendant failed to submit a Local Rule 56.1 statement, the Court has carefully reviewed both parties' papers and has determined that plaintiff

---

[1] The Court notes that defendant has neither filed a statement of material facts pursuant to Local Civil Rule 56.1 nor opposed plaintiff's statement of

for summary judgment, the Court shall construe the facts in the light most favorable to the non-moving party. *See Capobianco v. City of New York*, 422 F.3d 47, 50 (2d Cir. 2005).

On March 7, 2003, Defendant applied and was approved for a Direct Consolidation loan for a total principal amount of $63,999.92 ("the loan"). (Pl.'s Ex. B, Certificate of Indebtedness, ECF No. 44-2; Pl.'s Ex. A, Consolidation Loan Verification Certificate and Promissory Note, ECF No. 44-2.) In exchange for the loan, defendant executed and delivered to the United States Department of Education ("DOE") a promissory note, dated March 7, 2003, in the principal amount of $63,999.92. (Pl.'s Ex. A., ECF No. 44-2) The loan was disbursed for $64,180.24[2] from April 24, 2003 to May 30, 2003, at 8.25 percent interest per annum. (Pl.'s Ex. B, Certificate of Indebtedness, ECF No. 44-2.) The loan was made by the DOE under the William D. Ford Federal Direct Loan Program. (*Id.*) The DOE demanded payment according to the terms of the promissory note, and defendant defaulted on the obligation on February 22, 2004. (*Id.*)

Pursuant to the Certificate of Indebtedness ("COI"), sworn to under penalty of perjury by a Loan Analyst for the Department of Education, defendant owed plaintiff $102,843.89 as of April 6, 2011. (*Id.*) The DOE had credited a total of $3,355.89 in payments to the balance. (*Id.*) Interest on the loan accrued on the principal of $64,180.24 at $14.50 per day. (*Id.*)

II. STANDARD OF REVIEW

The standards for summary judgment are well settled. Pursuant to Federal Rule of Civil Procedure 56(a), a court may only grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that he or she is entitled to summary judgment. *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see Anderson v. Liberty*

---

has set forth detailed evidence fully supporting its claim, and defendant has failed to submit any evidence to demonstrate the existence of any genuine issues of material fact in dispute. Accordingly, the Court grants the motion for summary judgment, as set forth *infra*.

[2] The promissory note for consolidated loans lists the principal at the time the loan is requested. When the loan is funded, the amount disbursed is the payoff amount due, on that date, for the loans being consolidated. The principal listed in the promissory note, therefore, is typically a lower amount than is actually funded at a later date because additional interest has accumulated, or it can be lower if payments have been made in the interim. *United States v. Manoussos*, No. 10-cv-179 (JFB)(ARL), 2012 WL 899565, at *1 n.3 (Mar. 16, 2012). The Court notes that defendant does not contest the amount owed or the validity of the loan documents.

*Lobby, Inc.*, 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial.*'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (emphasis in original)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50, 106 S. Ct. 2505 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. *Id.* at 247-48, 106 S. Ct. 2505 (emphasis in original). Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars'" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)). Accordingly, it is insufficient for a party opposing summary judgment "'merely to assert a conclusion without supplying supporting arguments or facts.'" *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (quotation omitted).

III. DISCUSSION

A. Applicable Law

The case arises under the William D. Ford Federal Direct Loan Program under the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1087a-1087j. Pursuant to the Act, the Secretary of Education may require any borrower who has defaulted on a loan made under the William D. Ford Federal Direct Loan Program to "pay all reasonable collection costs associated with such loan," and "repay the loan pursuant to an income contingent repayment plan." 20 U.S.C. § 1087e(d)(5)(A)-(B).

B. Liability

As proof that defendant took out the loan at issue, plaintiff attaches a copy of the Repayment Plan Selection and Federal Direct Consolidation Loan Application and Promissory Note, signed by defendant, and dated March 7, 2003. (Pl.'s Ex. A, Direct Loan Repayment Plan Selection & Application and Promissory Note, ECF No. 44-2.) Under the terms of the promissory note for the loan, the borrower agrees to pay interest on the principal amount of the loan. Defendant does not contest that his signature appears on these documents, and does not dispute that he received the money from the loan.

Additionally, plaintiff attaches a COI from a loan analyst in the DOE. (Pl.'s Ex. B, Certificate of Indebtedness, ECF No. 44-2.) According to the COI, defendant executed a promissory note to secure a direct consolidation loan on or about March 7, 2003. (*Id.*) The loan was disbursed for $64,180.24 from April 24, 2003 to May 30, 2003 at 8.5 percent interest per annum. (*Id.*) The DOE demanded payment according to

3

the terms of the note, and defendant defaulted on the obligation on February 22, 2004. (*Id.*)

The defendant, who is an attorney, has submitted an opposition to the motion for summary judgment. Having reviewed all of defendant's filings carefully and considered all of the arguments therein, the Court finds there is no evidence to controvert the evidence submitted by plaintiff that defendant executed the promissory note, received the loan disbursement, and owed $102,843.89 as of April 6, 2011.

Defendant's opposition does not contest the validity of any of the evidence plaintiff has submitted in connection with the motion. Further still, defendant does not appear to contest that he owes the amount in question. Instead, defendant's arguments in opposition to the motion are: (1) he was not served with adequate process, and therefore the Court lacks jurisdiction; and (2) he is unable to pay his educational debt, and therefore this action is inequitable. With respect to defendant's first argument, the Court has already addressed, at length, the validity of service upon the plaintiff. (*See* Memorandum and Order, ECF No. 39.) In brief, the defendant was adequately served with "nail-and-mail" process, which became necessary after the defendant repeatedly evaded personal service. There is no question that plaintiff served the defendant with process and that the Court has personal jurisdiction over the defendant as a result. Finally, the Court has considered the defendant's arguments regarding his ability to pay the debt in question. Although the Court is mindful of defendant's difficult situation, defendant's ability to pay a judgment has no bearing on his liability in this action. Defendant has not offered any legal argument to the contrary, and the Court finds no legal basis for considering the defendant's finances before granting the motion for summary judgment. Rather, it appears that the appropriate procedure for seeking relief from an educational debt on the basis of financial hardship is to bring a bankruptcy proceeding. *See* 11 U.S.C. § 523(a)(8); *United States v. Reid*, No. 96-CV-2004 (ILG), 2000 U.S. Dist. LEXIS 2187, at *2 (E.D.N.Y. Jan. 21, 2000) (citing *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987)). At the present, this debt has not been discharged, and therefore this action is appropriate for summary judgment.

In sum, through the evidence submitted in connection with the motion for summary judgment, plaintiff has met its burden of proof in establishing the factual bases underlying its claim for recovery. In response to the plaintiff's evidence, defendant has submitted no evidence to show that there exists a genuine issue of material fact in dispute. Accordingly, because there is no genuine issue of material fact in dispute, the court grants the United States' motion for summary judgment.

### C. Damages

According to the uncontroverted evidence supplied by the COI, defendant owes a principal amount of $64,180.24. The COI states that interest accrues on the principal at a rate of $14.50 per day. As of April 6, 2011, defendant owed $38,663.65 in interest, for a total sum of $102,843.89. The United States is entitled to post-judgment interest under 28 U.S.C. § 1961.

### IV. CONCLUSION

For the foregoing reasons, the Court grants plaintiff's motion for summary judgment and awards plaintiff $102,843.89. Pre-judgment interest shall continue to accrue at the rate of $14.50 per day from April 6, 2011 until the date judgment is

4

entered. Plaintiff is also entitled to post-judgment interest pursuant to 28 U.S.C. § 1961. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: January 23, 2015
    Central Islip, NY

\* \* \*

Plaintiff is represented by Liberatore Joseph Iannarone and Dolores M. Iannarone, Mullen & Iannarone, 300 East Main Street, Suite 3, Smithtown, NY 11787. Defendant is *pro se*.